UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

KRZYSZTOF J. FOX,

                              Plaintiff,

                              Case # 15-CV-692-FPG

v.

                              DECISION AND ORDER

TODD L. TRYON and
AGS SECURITY COMPANY,

                              Defendants.
─────────────────────────────────

CHRISTOPHER J. FOX, a/k/a
KRZYSZTOF JAROSLAW FOX,

                              Plaintiff,

                              Case # 15-CV-6196-FPG

v.

                              DECISION AND ORDER

AETNA FORWARDING, INC.,

                              Defendant.
─────────────────────────────────

CHRISTOPHER J. FOX, a/k/a
KRZYSZTOF J. FOX,

                              Plaintiff,

                              Case # 15-CV-6538-FPG

v.

                              DECISION AND ORDER

DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT, MICHAEL T.
PHILLIPS, MARVIN J. MULLER,
D.O. BERMUDEZ M-00568, D.O. V. PULCINI,
and D.O. SUP. HENDERSON,

                              Defendants.
─────────────────────────────────

| | |
|---|---|
| CHRISTOPHER J. FOX, a/k/a<br>KRZYSZTOF J. FOX,<br><br>                         Plaintiff,<br><br>v.<br><br>EMOTIONAL-MENTAL ABUSERS,<br>BED #101 UKRAINIAN MEN,<br>BED #102 ZENON PROKOP,<br>BED #89 TRINIDAD MEN,<br>BED #90 JAMAICAN MEN,<br>BED #106 JAMAICAN MEN FROM UNIT B3,<br>BED #90 MEN B3, BED #106 MEN B3,<br>BED #058 MEN VARGERA, PANAMA, THIS MEN<br>NOW IN UNIT B2 HIS NAME IS VARGAS?<br><br>                         Defendants. | Case # 15-CV-6539-FPG<br><br>DECISION AND ORDER |
| CHRISTOPHER J. FOX,<br><br>                         Plaintiff,<br><br>v.<br><br>CITIZENSHIP AND IMMIGRATION CANADA, and<br>THE MINISTER OF CITIZENSHIP AND<br>IMMIGRATION CANADA CHRIS ALEXANDER,<br><br>                         Defendants. | Case # 15-CV-6601-FPG<br><br>DECISION AND ORDER |
| CHRISTOPHER J. FOX,<br><br>                         Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, OWNER OF<br>FACEBOOK INC.,<br><br>                         Defendant. | Case # 15-CV-6602-FPG<br><br>DECISION AND ORDER |

CHRISTOPHER J. FOX,

        Plaintiff,

v.

JACK MA, OWNER OF ALIBABA GROUP,

        Defendant.

Case # 15-CV-6603-FPG

DECISION AND ORDER

   By Decision and Order dated September 1, 2016 issued in each of the above captioned seven actions, the Court notified *pro se* Plaintiff Christopher J. Fox, a/k/a Krzysztof Jaroslaw Fox ("Plaintiff") that it was taking judicial notice of a separate action from this district to demonstrate that Plaintiff was removed from the United States by the Department of Homeland Security on January 26, 2016.  Further, the Court observed that as a result of his removal/deportation, Plaintiff is not legally permitted to be present in the United States, and presently resides in Poland.

   As the Court observed in the September 1, 2016 Order, if any of these seven actions were to proceed, Plaintiff would be required to physically appear before this Court for any potential trial, both to present his claims and to provide any testimony in support of his claims.  If he failed to appear at such a trial, the action would have to be dismissed, even if Plaintiff's non-appearance was the result of his deportation.  Further, since Plaintiff has been deported or removed from the United States, if he were to re-enter the United States without the prior express written permission of the United States Attorney General, Plaintiff would be committing a felony offense under United States law.  *See* 8 U.S.C. § 1326(a).  As such, due to his deportation, the Court noted that it appeared unlikely that Plaintiff could ever appear before this Court to present his claims.

However, the Court was mindful that re-entry of a previously deported alien could be permitted if "the Attorney General has expressly consented to such alien's reapplying for admission." *See* 8 U.S.C. § 1326(a)(2). Under this statute, a procedure exists for a deported alien such as Plaintiff to be lawfully readmitted to the United States, and the discretion to grant such re-entry is committed to the Executive Branch. Because the law affords Plaintiff a means of potentially obtaining lawful re-entry into the United States to appear in person for a trial of these cases, the Court provided Plaintiff with the opportunity to obtain such lawful re-admission to the United States before dismissing his cases.

Specifically, the Court's September 1, 2016 Order directed Plaintiff to file with the Court a copy of the written consent of the United States Attorney General or her designee for Plaintiff to reapply for admission into the United States. The Order further warned Plaintiff that if a copy of such written consent was not been filed before November 30, 2016, these seven actions will be dismissed for Plaintiff's inability to prosecute these cases.

The November 30, 2016 deadline has now passed, and almost a month after the deadline, the Court still has not received any communication or filings whatsoever from Plaintiff. Because Plaintiff has failed to file with this Court the written consent of the United States Attorney General or her designee for Plaintiff to reapply for admission into the United States, the Court concludes that Plaintiff cannot appear at any potential trial of these matters, and these cases are therefore dismissed. *See, e.g., Kuar v. Mawn*, No. 08-CV-4401 JFB ETB, 2012 WL 3808620, at *6 (E.D.N.Y. Sept. 4, 2012) ("The Court concludes that, where there is no reasonable possibility that a *pro se* plaintiff can appear at trial because of deportation, the court may dismiss the case for failure to prosecute after providing plaintiff with a reasonable time to rectify the order of deportation.").

## CONCLUSION

The seven above-captioned actions, namely:

1) Case # 15-CV-692-FPG;

2) Case # 15-CV-6196-FPG;

3) Case # 15-CV-6538-FPG;

4) Case # 15-CV-6539-FPG;

5) Case # 15-CV-6601-FPG;

6) Case # 15-CV-6602-FPG; and

7) Case # 15-CV-6603-FPG,

are each DISMISSED WITH PREJUDICE for Plaintiff's inability to prosecute these actions.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of Court is directed to enter judgment and terminate these actions.

IT IS SO ORDERED.

Dated: December 28, 2016
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court